United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NELKIN & NELKIN P.C., | § § | CASE NO: 23-34054 |
| Debtor. | § § § | CHAPTER 11 |
| NELKIN & NELKIN P.C., | § § | |
| Plaintiff, | § § | |
| VS. | § § § | ADVERSARY NO. 23-2005 |
| TWO RIVERS COFFEE, LLC, STEVEN SCHREIBER, EUGENE SCHREIBER, and SARAH SCHREIBER, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Steven Schreiber, individually and on behalf of the Estate of Eugene Schreiber and Two Rivers Coffee, LLC filed a motion for summary judgement and motion for judgement on the pleadings, seeking to dismiss this adversary proceeding. Without the need for a hearing, the Court issues the instant Memorandum Opinion and accompanying Judgment. For the reasons stated herein, the Court finds that there is no genuine dispute of material fact left for trial in this adversary proceeding and that Two Rivers Coffee, LLC, Steven Schreiber, and Eugene Schreiber are entitled to judgment as a matter of law as to all claims brought against them by Nelkin & Nelkin P.C. in this adversary proceeding. All claims brought by Nelkin & Nelkin P.C. in this instant adversary proceeding Case No. 23-2005 against Steven Schreiber, Eugene Schreiber, and Two Rivers Coffee, LLC are DISMISSED with prejudice.

I.     **FINDINGS OF FACT**

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

**A. Background**

1. On August 25, 2023 (the "*Petition Date*"), Nelkin & Nelkin, P.C. ("*Debtor*") filed for bankruptcy protection under chapter 11 of the Bankruptcy Code[1] initiating the bankruptcy case.[2]

2. On August 25, 2023, Debtor filed a complaint (the "*Complaint*"),[3] initiating the instant adversary proceeding against Two Rivers Coffee, LLC, Steven Schreiber, Eugene Schreiber, and Sarah Schreiber (collectively, "*Defendants*").

3. On August 25, 2023, Debtor filed "Plaintiff's Emergency Application for Temporary Restraining Order and Preliminary Injunction" (the "*Preliminary Injunction Application*").[4]

4. On September 29, 2023, and October 3, 2023, the Defendants filed their answers to the Complaint.[5]

5. On March 27, 2024, the Court entered its Order granting the Preliminary Injunction Application and extended the automatic stay located in 11 U.S.C. § 362 to Carol Nelkin and Jay Nelkin as it pertains to the claims asserted against them in Nelkin, et al. v. Two Rivers Coffee, LLC, et al., Cause No. MID-C-107-19, Superior Court of New Jersey, Middlesex County Chancery Division, pending the final disposition of this adversary proceeding.[6]

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[2] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 23-34054. Entries made in Plaintiff's Case number 23-2005 shall take the format of ECF No. __.
[3] ECF No. 1.
[4] ECF No. 2.
[5] ECF Nos. 31; 32; 33; 34.
[6] ECF No. 72.

6. On June 25, 2025, Steven Schreiber and Two Rivers Coffee, LLC (the "*Schreibers*") filed "Steven Schreiber and Two Rivers Coffee, LLC's Motion For Judgment on The Pleadings Pursuant To Fed. R. Civ. P. 12(c) and For Lack Of Jurisdiction Pursuant To Fed. R. Civ. P. 12(h)(3)" ("*Motion for Judgment on the Pleadings*"). [7]

7. On July 15, 2025, Debtor filed "Plaintiff's Response To Steven Schreiber and Two Rivers Coffee, LLC's Motion For Judgment on The Pleadings Pursuant To Fed. R. Civ. P. 12(c) and 12(h)(3)."[8]

8. On August 13, 2025, Steven Schreiber, individually and on behalf of the estate of Eugene Schreiber and Two Rivers Coffee, LLC (the "*TRC Parties*") filed "Steven Schreiber, Individually And On Behalf Of The Estate Of Eugene Schreiber And Two Rivers Coffee, LLC's Motion For Summary Judgment" ("*Motion for Summary Judgment*").[9]

9. On August 27, 2025, Debtor filed "Plaintiff's Response To Steven Schreiber And Two Rivers Coffee, LLC's Motion For Summary Judgment."[10]

10. On September 5, 2025, the TRC Parties filed their "Reply to Plaintiff's Responses to Motion for Summary Judgment."[11]

## II.     CONCLUSIONS OF LAW

### A. Jurisdiction, Venue & Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[12] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), this proceeding involves

---

[7] ECF No. 156.
[8] ECF No. 157.
[9] ECF No. 158.
[10] ECF No. 159.
[11] ECF No. 160.
[12] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

primarily core matters because, by its nature, this proceeding could arise only in the context of a bankruptcy case.[13]

After a chapter 11 plan is confirmed, bankruptcy jurisdiction is limited to matters "pertaining to the implementation or execution of the plan."[14] The debtor's estate ceases to exist post-confirmation, except for matters directly related to the plan's implementation or execution.[15] Post-confirmation jurisdiction includes resolving amounts owed on proofs of claim, administrative claims, preference and fraudulent transfer claims, and attorneys' fees.[16] Bankruptcy courts retain jurisdiction to interpret and enforce their own prior orders.[17] Matters that "impact compliance with or completion of the reorganization plan" fall within post-confirmation jurisdiction.[18] This matter pertains to claims arising prepetition, property of the estate, and compliance with a confirmed plan of reorganization.[19] Post-confirmation jurisdiction has been clearly determined to include instances where the bankruptcy court is asked to enforce its orders, resolve prepetition claims and resolve disputes over the meaning of provisions contained in a confirmed plan.[20] Thus, this Court has post-confirmation jurisdiction in this matter.

---

[13] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[14] *Highland Capital Mgmt. LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575, 589 (5th Cir. 2008); *RDNJ Trowbridge v. Chesapeake Energy Corp.* (*In re Chesapeake Energy Corp.*), 70 F.4th 273, 281 (5th Cir. 2023).

[15] *Newby v. Enron Corp.* (*In re Enron Corp. Sec.*), 535 F.3d 325, 335 (5th Cir. 2008).

[16] *In re Chesapeake Energy Corp.*, 70 F.4th at 281.

[17] *Baker v. Baker* (*In re Baker*), 593 F. App'x 416, 417 (5th Cir. 2015); *Travelers Casualty & Surety Co. of America v. Bailey*, 557 U.S. 137, 151 (2009).

[18] *In re Seven Seas Petroleum, Inc.*, 522 F.3d at 589.

[19] ECF Nos. 1; 156; 158.

[20] *Natixis Funding Corp. v. Genon Mid-Atlantic, L.L.C.* (*In re Genon Mid-Atlantic Dev., L.L.C.*), 42 F.4th 523, 535 (5th Cir. 2022) (citing *Galaz v. Katona* (*In re Galaz*), 841 F.3d 316, 322-23 (5th Cir. 2016); *U.S. Brass Corp. v. Travelers Ins. Grp.* (*In re U.S. Brass Corp.*), 301 F.3d 296, 305 (5th Cir. 2002); *See In re Enron Corp. Sec.*, 535 F.3d at 335 (finding that a bankruptcy court does not lose jurisdiction over "pre confirmation claims based on pre-confirmation activities").

Furthermore, this Court may only hear a case in which venue is proper.[21] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[22] The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[23]

### III.  ANALYSIS

The two matters pending before the Court are the Schreibers' Motion for Judgment on the Pleadings, and the TRC Parties' Motion for Summary Judgment.

### A. Motion for Summary Judgment

The TRC Parties seek summary judgement pursuant to Federal Rule of Civil Procedure ("*Rule*") 56 alleging that since the estate's property has revested in the reorganized Debtor and the automatic stay has terminated, (1) there is not a sustainable "controversy" of sufficient immediacy to warrant the issuance of a declaratory judgment; and (2) this Court lacks jurisdiction over this adversary proceeding.[24]

---

[21] 28 U.S.C. § 1408.
[22] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[23] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[24] ECF No. 158 at 2.

1.  Standard

Rule 56 permits a party to move for summary judgment, "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[25] Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 7056 incorporates Rule 56 in adversary proceedings. Rule 56 states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[27] Courts employing this standard of review must determine "not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon evidence before the court."[28] To prevail on summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law.[29] A material fact is one "that might affect the outcome of the suit under the governing law."[30] A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving parties.[31]

Rule 56 creates a shifting burden. Once a properly supported motion for summary judgment is presented, "the nonmoving party must rebut with 'significant probative' evidence."[32] If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving

---

[25] FED. R. CIV. P. 56(a).
[26] *Id.*
[27] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).
[28] *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).
[29] *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).
[30] *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998).
[31] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).
[32] *Ferguson v. Nat. Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978) (citations omitted).

party, then there is no genuine issue for trial.[33] When there is no genuine issue for trial, the Court should grant summary judgment.[34] In determining whether summary judgment is appropriate, a court is not to weigh evidence, assess its probative value, or resolve factual disputes,[35] but the facts must be reviewed with all "justifiable inferences" drawn in non-movants' favor.[36] Nevertheless, factual controversies will be resolved in non-movants' favor "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."[37] If, however, the record could not lead a rational trier of fact to find for non-movants, summary judgment is appropriate.[38] While the Court may consider other materials in the record, it need only consider those actually cited.[39] Where the facts are undisputed and only questions of law exist, a court must apply the appropriate law to the facts to determine whether the moving party is entitled to judgment as a matter of law.[40]

### 2. The Complaint

In its Complaint, Debtor brings two causes of action to wit: (1) a declaratory judgment regarding certain personal property (the "*Declaratory Judgment Claim*"); and (2) extension of the automatic stay to Carol Nelkin and Jay Nelkin (collectively, the "*Nelkins*") pursuant to § 105(a) (the "*Stay Extension Claim*").[41] As to the Declaratory Judgment Claim, Debtor seeks a declaratory judgement as to who owns certain "boxes of documents and items of furniture – file cabinets, a

---

[33] *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).
[34] *Id.*
[35] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[36] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998).
[37] *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir.1996).
[38] *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (1986).
[39] *CoPalm Energy Grp., LLC v. Greenwich Ins. Co.* (*In re Tri-Union Dev. Corp.*), 479 B.R. 425, 435 (Bankr. S.D. Tex. 2012) (citing FED. R. CIV. P. 56(c)(3)).
[40] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991) ("Summary judgment is appropriate where only issue before court is pure question of law."); *see Barnes v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 51218, 2014 WL 1457696, at *1 (E.D. La. Apr. 14, 2014) ("Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate.").
[41] ECF No. 1 at 4, 5.

desk, and a copy machine [that] were delivered to the Two Rivers' warehouse for storage" ( the "*Stored Property*").[42] As to the Stay Extension Claim, Debtor seeks extension of the stay to the Nelkins on the basis that the Nelkins are involved in three lawsuits and decisions in those lawsuits may bind the Debtor.[43] The three lawsuits in question are: (1) Scheiber, et al. v. Friedman, et al., Cause No. 15-cv-06861, District Court, Eastern District of New York ("*Fee Collection Case*"); (2) Schreiber, et al. v. Nelkin & Nelkin, PC, et al., Cause No. BER-L-003407- 20, Superior Court of New Jersey, Bergen County ("*Malpractice Case*"); and (3) Nelkin, et al. v. Two Rivers Coffee, LLC, et al., Cause No. MID-C-107-19, Superior Court of New Jersey, Middlesex County Chancery Division ("*Replevin Action*").

3. **Evidence**

In the Motion for Summary Judgment, the TRC Parties cite to and ask the Court to take judicial notice of the following evidence (the "*Exhibits*"):[44]

A. Debtor's Schedules A/B filed on September 18, 2023 attached at Ex. No. 158-1;

B. The Court's February 14, 2025 "Order Confirming Debtor's Plan of Reorganization Pursuant to 11 U.S.C. § 1191(a)"[45] ("*Confirmation Order*") attached at Ex. No. 158-2;

C. Debtor's "Third Amended Modified Chapter 11 (subchapter V) Plan"[46] (the "*Plan*") attached at Ex. No. 158-3;

D. Notice of Effective Date[47] filed by Debtor on March 3, 2025 attached at Ex. No. 158-4;

E. Bankruptcy Case docket attached at Ex. No. 158-5;

F. copy of the Complaint attached at Ex. No. 158-6;

---

[42] ECF No. 1 at 4.
[43] ECF No. 1 at 5.
[44] ECF No. 158 at 7–8.
[45] Bankr. ECF No 373.
[46] Bankr. ECF No 337.
[47] Bankr. ECF No. 379.

G. Carol Nelkin's Declaration[48] filed on August 25, 2023 attached at Ex. No. 158-7;

H. Transcript of a February 28, 2024 hearing[49] held in this adversary proceeding attached at Ex. No. 158-8;

I. March 27, 2024 Order granting Debtor's request for a preliminary injunction[50] at Ex. No. 158-9;

J. Transcript of a March 26, 2024 hearing[51] held in this adversary proceeding attached at Ex. No. 158-10;

K. The sworn complaint in the Replevin Action attached at Ex. No. 158-11.

Pursuant to Rule 56(c)(2), a party may object that material cited in support of a motion for summary judgment "cannot be presented in a form that would be admissible in evidence."[52] While the proponent of summary judgment evidence need not submit materials in admissible form at the summary judgment stage, they must demonstrate that the materials can ultimately be presented in admissible form at trial.[53] Thus, "a precondition for considering evidence in an improper form . . . [is] that 'the party submitting the evidence [must] show that it will be possible to put the information . . . into an admissible form.'"[54] The Court will now consider each of Debtor's objections.

Debtor objects to the Exhibits on two grounds. First, Debtor asserts that "[n]one of the [Exhibits] is [sic] subject to judicial notice and are objected to."[55] Second, Debtor asserts that the "Sworn Complaint in the Replevin Action is hearsay and is not admissible."[56]

---

[48] ECF No. 2-1.
[49] ECF No. 70.
[50] ECF No. 72.
[51] ECF No. 78.
[52] FED. R. CIV. P. 56(c)(2).
[53] See FED. R. BANKR. P. 7056; *Balboa Cap. Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 546–47 (5th Cir. 2024).
[54] *Balboa Cap. Corp.*, 111 F.4th at 547.
[55] ECF No. 159 at 4.
[56] ECF No. 159 at 4.

Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts routinely rely on Federal Rule of Evidence 201 to take judicial notice of a document's existence, but a court cannot take notice of the findings of fact or conclusions of law contained in such documents.[57] The presence of hearsay or non-judicially noticeable facts in a document does not prevent this Court from taking judicial notice of the document's existence.[58] Here, Debtor does not identify which specific facts in the Exhibits are incapable of judicial admission, nor does the Debtor explain how taking judicial notice of the existence of the Exhibits results in taking judicial notice of the facts contained within the Exhibits. Thus, the Court will take judicial notice of the existence of the documents in Exhibit Nos. 158-1 through 158-11 pursuant to Federal Rule of Evidence 201. Accordingly, Debtor's objections to taking judicial notice of the Exhibits are overruled.

In addition, a court may, but is not required to, look at evidence on the record that is not cited in a motion for summary judgment.[59] Thus, the Court may consider the facts contained in the Exhibits for the truth of the matter asserted notwithstanding that the pleadings specifically requests this Court to take judicial notice of the Exhibits.[60] The only objection to using the Exhibits for the truth of the matter asserted is that "the Sworn Complaint in Replevin Action is hearsay and is not admissible."[61] With respect to Debtor's hearsay objection, Debtor fails to pinpoint particular

---

[57] *See e.g., Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).
[58] *See Murphy v. HSBC Bank USA*, No. H-12-3278, 2014 U.S. Dist. LEXIS 57612, at *27 n.21 (S.D. Tex. Apr. 23, 2014).
[59] Fed. R. Civ. P. 56(c)(3).
[60] *See United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994) ("Although a court may not weigh the evidence to determine its truth nor draw inferences from the facts, Rule 56 clearly permits a court to consider the whole record, and 'not just the portion highlighted by the motion itself.' Further, 'the district judge is not compelled to limit the basis for a summary judgment to those facts listed in the motion for summary judgment.'").
[61] ECF No. 159 at 4.

statements that are allegedly hearsay. This Court will not comb through the 24-page sworn complaint in the Replevin Action to determine which statements should be struck based on Debtor's generalized objections of hearsay.[62] As such, the objection to the sworn complaint in Replevin action at Ex. No. 158-11is overruled. Accordingly, Exhibit Nos. 158-1 through 158-11 are admitted into evidence.

### 1. Declaratory Relief

As to the Declaratory Judgment Claim, the TRC Parties assert that this Court has no jurisdiction to hear this adversary action because there is no case or controversy as to Debtor's property interest in personal property.[63]

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[64] A court lacks subject matter jurisdiction if there is no case or controversy to resolve.[65] A case may be dismissed for lack for subject matter jurisdiction at any time.[66] A plaintiff, as the party invoking federal jurisdiction, must demonstrate that (1): the plaintiff suffered an "injury in fact"; (2) that there is a "causal connection between the injury and the conduct complained of," meaning that the injury was "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court"; and (3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[67] If "the plaintiff does

---

[62] *In re Carmona*, 580 B.R. 690, 703 (Bankr. S.D. Tex. 2018); *United States v. Quintanilla*, 114 F.4th 453, 473 (5th Cir. 2024); *United States v. Valdez*, 861 F.2d 427, 432 (5th Cir. 1988) (holding that "[w]ithout identifying any statement by a particular declarant," a hearsay objection was too vague party to permit the court to address them).
[63] ECF No. 158 at 2.
[64] *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). *Stern v. Marshall*, 564 U.S. 462, 469, 131 S. Ct. 2594, 2600 (2011) ("we must resolve two issues: (1) whether the Bankruptcy Court had the statutory authority under 28 U.S.C. § 157(b) to issue a final judgment on [the] counterclaim; and (2) if so, whether conferring that authority on the Bankruptcy Court is constitutional.").
[65] Const. Art. III, § 2
[66] Fed. R. Civ. P. 12(h)(3).
[67] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992).

not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve."[68] The fact that a plaintiff seeks a declaratory judgment does not establish subject-matter jurisdiction because the Declaratory Judgment Act, which allows courts to issue declaratory relief, is purely procedural and does not expand the jurisdiction of the federal courts.[69]

It is well established in the Fifth Circuit that "[a]s with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint, and subsequent events do not deprive the court of jurisdiction."[70] "A failure to allege injury on the face of a complaint deprives the plaintiff of standing which is needed to satisfy Article III's case or controversy requirement."[71] In determining whether there is a case or controversy, a trial court has discretion to "allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."[72]

The Confirmation Order provides that all property of the estate was transferred to Debtor free and clear of any encumbrances:

> All of the Debtor's assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtor pursuant to 11 U.S.C. §§ 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all liens, claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other persons and governmental units to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c) for the uses and purposes as specified in the Plan and this Confirmation Order.[73]

---

[68] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 2203 (2021).
[69] *Marriott Int'l, Inc. v. Danna*, 772 F. App'x 42, 45 (5th Cir. 2019)
[70] *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991); *Hotze v. Hudspeth*, 16 F.4th 1121, 1127 (5th Cir. 2021).
[71] *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989).
[72] *Id.*
[73] Bankr. ECF No. 373 at 5.

Section 1141(c) provides in relevant part that "except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors . . . ." Therefore, this Court finds that as a matter of law, property of the estate vested free and clear into the Debtor.

In its response to the Motion for Summary Judgment, Debtor admits that all property of the estate vested into the reorganized Debtor upon Plan confirmation but asserts that a case or controversy still exists because "[t]he dispute lies in the disagreement as to what exactly is the Debtor's property and what is not, not that the Debtor's property revested."[74] The Court finds that the evidence and record shows there is no genuine dispute between Debtor and the TRC Parties as to what was property of the estate that vested into the reorganized Debtor.

In the Complaint, Debtor alleges that the Stored Property, consisting of boxes of documents and items of furniture – file cabinets, a desk, and a copy machine, was delivered by the Nelkins to Two Rivers Coffee, LLC for storage.[75] In the Replevin Action, the Nelkins and co-plaintiff, Viridian Resources, LLC ("*Viridian*") seek return of the Stored Property from the TRC Parties.[76] Debtor alleges in its Complaint that, in defending against the Replevin Action, Steven Schreiber and Eugene Schreiber assert that certain Stored Property is owned by the Debtors.[77]

The Debtor's Schedule G lists a lease contract for a New Jersey storage unit at 635 N. Midland Ave. Saddie Brooke, NJ (the "*NJ Storage Unit*").[78] Carol Nelkin testified at the February 28, 2024 hearing held in this adversary proceeding that all the property that could be claimed by

---

[74] ECF No. 159 at 3.
[75] See, Dkt. No. 1, ¶ 29.
[76] ECF Nos. 1; 158-11 at 1.
[77] ECF No. 1 at 4 ("In the Replevin Action the Debtor is not a party, however claims have been asserted that implicate potential assets of the Debtor's estate. In the Replevin Action, the Schreibers assert that certain personal property sought to be turned over may be the property of N&N.").
[78] Bankr. ECF No. 24 at 18.

Debtor in the Replevin Action is in the NJ Storage Unit.[79] The Debtor's Schedules A/B list the following personal property: desk and credenza, executive chair, two tables, sofa, two client chairs, library table, four printers, one old laptop, two file cabinets, secretary chair, two lamps, coffee table, two chairs, four chairs, two tables, six monitors, paper, pens, legal pads, post-it notes, desk accessories, envelopes, toner, paper clips, binders, staplers, staples, notebooks, file folders and miscellaneous office supplies, and seven old computers (collectively, the "*Scheduled Property*") with an aggregate value of $5,765.00.[80] Carol Nelkin testified at the February 28, 2024 hearing that the Scheduled Property includes the property stored in the NJ Storage unit.[81] The TRC Parties have never objected to any of the Scheduled Property as being property of the estate. Thus, there is no genuine dispute of material fact, as between Debtor and the TRC Parties, that all property that could be in dispute in the Replevin Action was property of the estate and as a matter of law, all property of the estate vested in the Debtor.

To the extent there is a dispute as to what was property of the estate that revested in the Debtor, such dispute is not between the Debtor and the TRC Parties. According to Debtor, in defending against the Replevin Action, Steven Schreiber and Eugene Schreiber assert that some of the Stored Property belongs to the Debtors, not the Nelkins individually.[82] As such, the Court finds that the Replevin Action does in fact implicate property of the estate. Nevertheless, the mere fact that a dispute concerns estate property does not satisfy the Article III requirement of a case or controversy. To establish a case or controversy, a plaintiff must demonstrate that there is a "causal connection between the injury and the conduct complained of," meaning that the injury was "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent

---

[79] ECF No. 70 at 77, 78, 84.
[80] Bankr. ECF No. 24 at 17-25.
[81] ECF No. 70 at 83–84.
[82] ECF No. 1 at 4.

action of some third party not before the court."[83] According to the Complaint, Steven Schreiber and Eugene Schreiber assert that the disputed Stored Property *is* property of the Debtor.[84] Debtor has not shown how an attempt to designate property as property of the Debtor causes any injury to the Debtor. Indeed, the *Nelkins and Viridian* brought the Replevin Action and have asserted that certain of the Stored Property is owned by the Nelkins and Viridian.[85] Yet, this adversary is brought against the TRC Parties, not the Nelkins nor Viridian. As such, the Court finds that as a matter of law, Debtors have failed to show that they have suffered injury, or are being threatened with injury, that can be fairly traced to the TRC Parties' conduct in this adversary proceeding or the Replevin Action and redressed by a declaratory judgment.

Accordingly, the Court finds that, as a matter of law, property of the estate vested into the reorganized Debtor and that there is no genuine dispute between Debtor and the TRC Parties as to what was property of the estate. As such, the Declaratory Judgment Claim against the TRC Parties fails as a matter of law for lack of an underlying case or controversy.

2. **Extension of the Automatic Stay**

The Debtor, in their Complaint, requests that the Court extend the automatic stay to the Nelkins individually.[86]

Ordinarily, the automatic stay under § 362 does not apply to actions against a non-debtor.[87] The Fifth Circuit recognizes that a § 362 stay may apply to an action against non-debtor defendants depending on their relationship to the debtor.[88] To extend the automatic stay to a non-debtor, the party seeking the extension must demonstrate "unusual circumstances"[89] that justify

---

[83] *Lujan*, 504 U.S. at 560.
[84] EF No. 1 at 4.
[85] ECF No. 158-11.
[86] ECF No. 1 at 5.
[87] *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007).
[88] *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir.2003).
[89] *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987).

the extension and that "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."[90] Thus, in order to extend the automatic stay to a non-debtor, a court must find an identity of interest between the debtor and the non-debtor, and then evaluate whether the circumstances warrant exercising the "general discretionary power . . . to stay proceedings in the interest of justice and in control of their dockets," which requires "weigh[ing] competing interests and maintain[ing] an even balance."[91] The burden of proof lies with the party seeking the extension, who must demonstrate the requisite identity of interest and unusual circumstances to justify the stay.[92]

Under § 362(c)(2), the automatic stay in a chapter 11 case terminates as to property that is no longer property of the estate and at the time a discharge is granted or denied.[93] Under § 1141(b), the confirmation of a plan vests all property of the estate in the debtor, which means there is no longer a bankruptcy estate, absent any provision to the contrary in the plan. And under § 1141(d), confirmation of a plan discharges a debtor unless otherwise stated by the plan. Accordingly, because confirmation of the plan both revests estate property into the debtor and discharges the debtor from all dischargeable debts, the automatic stay no longer exists after confirmation unless otherwise noted by the plan.[94] Here, the Plan was confirmed on February 14, 2025, and does not limit the revesting and discharge under §§ 1141(b) and 1141(d).[95] As such, there is no genuine dispute of material fact that the automatic stay in this bankruptcy case no longer exists. Therefore,

---

[90] *Reliant Energy Servs.,* 349 F.3d at 825.
[91] *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 309 (Bankr. S.D. Tex. 2015) (citations omitted).
[92] *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010).
[93] 11 U.S.C. § 362(c)(2).
[94] *In re Herron*, 60 B.R. 82, 83-84 (Bankr. W.D. La. 1986); *In re Pete Gallegos Paving, Inc.*, No. 03-50139, 2008 Bankr. LEXIS 1496, at *5 (Bankr. S.D. Tex. Apr. 14, 2008) (noting that confirmation of chapter 11 plan lifts the automatic stay).
[95] Bankr. ECF No. 373.

the TRC Parties are entitled to judgment as a matter of law as to the Stay Extension Claim because the protections of the automatic stay cannot be extended to the Debtor's principals when the automatic stay no longer exists.

Accordingly, the TRC Parties are entitled to judgment as a matter of law as to both the Declaratory Judgement Claim and Stay Extension Claim.

B.   **Motion for Judgment on the Pleadings**

Rule 12(c), made applicable by Bankruptcy Rule 7012(b), provides that, "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."[96] The 12(c) standard "is the same as that applied to Rule 12(b)(6)."[97] Accordingly, to survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[98] In reviewing a motion under Rule 12(c), the court must treat facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[99] However, the Court will not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[100] "In evaluating whether a plaintiff's complaint survives a motion for judgment on the pleadings, we are limited to reviewing: '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'"[101]

The Fifth Circuit teaches that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as

---

[96] FED. R. CIV. P. 12(c).
[97] *Guerra v. Castillo*, 82 F.4th 278, 282 (5th Cir. 2023).
[98] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).
[99] *Id.*
[100] *Jordan Props. v. City of Cleveland*, No. 23-60625, 2024 U.S. App. LEXIS 20390, at *2 (5th Cir. Aug. 13, 2024)
[101] *Id.*

one for summary judgment and disposed of as provided in Rule 56."[102] Here, the Motion for Judgment on the Pleadings attaches evidence that is beyond the pleadings, such as transcripts of hearings.[103] As such, the Court finds it appropriate to treat the Motion for Judgment on the Pleadings as a motion for summary judgment.

The evidence attached to the Motion for Summary Judgment includes all of the evidence attached to the Motion for Judgment on the Pleadings.[104] Moreover, the Motion for Judgment on the Pleadings includes the same grounds for judgement as the Motion for Summary Judgement. Specifically, the basis for both the Motion for Judgement on the Pleadings and the Motion for Summary Judgment is that since the estate's property has revested in the Debtor and the automatic stay has terminated, (1) there is not a sustainable "controversy" of sufficient immediacy to warrant the issuance of a declaratory judgment at the time; and (2) this Court lacks jurisdiction over this adversary proceeding.[105] In sum, the Motion for Judgment on the Pleadings presents no arguments or evidence that are not also presented in the Motion for Summary Judgment. Accordingly, the Court finds that the Motion for Summary Judgment operates as an amendment to, and supersedes, the Motion for Judgment on the Pleadings.[106] Because the Motion for Judgement the Pleadings is really a motion for summary judgment that was amended and superseded by the Motion for

---

[102] *Foley Lumber Indus., Inc. v. Buckeye Cellulose Corp.*, 286 F.2d 697, 698 n.1. (5th Cir. 1961). *See also Davis v. Howard*, 561 F.2d 565, 571 (5th Cir. 1977) ("[We] hold that where matters outside the pleadings are considered in disposition of a Rule 12(b)(6) motion, so as to automatically convert it to one for summary judgment pursuant to Rule 56, or as one made *sua sponte*, the Rule 56 strictures of notice, hearing and admissibility into evidence are strictly required.); *Ark. River Co. v. United States*, 840 F. Supp. 1103, 1104 (N.D. Miss. 1993) ("Rule 12(c) allows the court to treat the motion as one for summary judgment when matters outside the pleadings are presented and not excluded by the court.").
[103] ECF No. 156 at 7.
[104] ECF Nos. 156 at 7; 158 at 7–8.
[105] ECF Nos. 156 at 2; 158 at 2.
[106] *Eubanks v. Parker Cnty. Comm'rs Court*, No. 94–10087, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995) (an amended pleading supersedes and replaces an original pleading "unless the amendment specifically refers to or adopts the earlier pleading); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

Summary Judgment, the Court finds it appropriate to deny the Motion for Judgment on the Pleadings as moot.

Accordingly, the Court finds that there is no genuine dispute of material fact left for trial in this adversary proceeding and that Two Rivers Coffee, LLC, Steven Schreiber, and Eugene Schreiber are entitled to judgment as a matter of law as to all claims brought against them by Nelkin & Nelkin P.C. in this adversary proceeding.  All claims brought by Nelkin & Nelkin P.C. in this instant adversary proceeding Case No. 23-2005 against Steven Schreiber, Eugene Schreiber, and Two Rivers Coffee, LLC are DISMISSED with prejudice.

### IV. CONCLUSION

A judgement consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Wednesday, January 12, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**